UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ONGALETTA DAVIS, ET AL.　　　　　　　　　　　　CIVIL ACTION

VERSUS

OTIS ELEVATOR COMPANY　　　　　　　　　　　NO.: 16-00030-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 18)** by Defendant Otis Elevator Company. The Motion seeks the dismissal of all claims brought against it by Plaintiff Ongaletta Davis and the State of Louisiana ("the State"). (Doc. 18). Only Plaintiff Davis filed a response and Defendant filed a reply. (Docs. 24, 28). For reasons explained fully herein, the Motion is **GRANTED**.

I. BACKGROUND

This case arises from injuries incurred by Plaintiff Davis involving an elevator at the Iberville State Office Building, where she worked for the State as an IT specialist. (Doc. 18-2 at p. 1). On July 10, 2014, Davis entered the elevator behind a woman who was utilizing a medical walker. (Doc. 18-3 at p. 2:1-19). Davis's ability to enter the elevator was slowed by the walker, requiring her to stop in the threshold of the elevator. (*Id.*). As this happened, the elevator's "nudging" mechanism initiated. (*See* Doc. 31-1 at p. 2:14-20). The nudging mechanism is a mechanism in the elevator that prevents an elevator from being obstructed for a prolonged period of time. (Doc. 18-2 at p. 2). A beeping sound is then initiated, and the elevator doors begin to close

1

JURY

at a reduced speed without the benefit of the "protective device" that prevents the doors from closing around an object. (*See Id.*).

As the nudging mechanism of the elevator began to close the doors, Plaintiff Davis held her hands up against the doors before stepping out of the elevator. (Doc. 18-3 at p. 3:21-23). Before she could step back from the elevator however, her hands made contact with the closing doors, which caused injury to her hands and arms. (Doc. 24 at pp. 1-2). Plaintiff Davis then took the next elevator up to her place of employment, and she informed her supervisor about the injury. (Doc. 18-3 at p. 4:15-18).

As a result of the incident, Plaintiff Davis has sought, and been awarded, workers' compensation by her employer, the State. (Doc. 1-1 at p. 2). Plaintiff Davis also filed an action in state court against Defendant, claiming violations of Louisiana Products Liability Law for failure to properly design the elevator and for failure to warn about the improper defect, and a general negligence claim. (*Id.* at 15). The State also filed a complaint in state court, seeking recompense for the workers' compensation benefits paid to Plaintiff Davis. (*Id.* at 11-14). The State alleges that "[t]he sole cause of damages that gives rise to this matter was the breach of contract and/or negligent acts of omission of [D]efendant OTIS ELEVATOR COMPANY." (*Id.* at 13).

Defendant's Motion seeks dismissal of all claims against it. (Doc. 18-2 at p. 14). The State has filed no opposition. Plaintiff Davis has filed an opposition in which she *only* argues that there is sufficient evidence to sustain the negligence claim, but fails

to point to evidence in the record that would suggest summary judgment is improper on her products liability claims. (*See generally* Doc. 24).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263. On the other hand, the non-movant's burden is not satisfied merely upon a showing of "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

### A. The State's Contract Claim

The record in the case reveals the existence of a contract between the State and Defendant. (*See* Doc. 18-5 at pp. 5-8). However, under Louisiana Law, to prove a breach of contract the State must identify a specific provision which the Defendant allegedly breached. *See Lamar Contractors, Inc. v. Kacco, Inc.*, 2015-1430 (La. 5/3/16), 189 So. 3d 394, 398. However, the State does not—in its complaint or elsewhere in the record—identify the term or provision of the contract that it alleges was breached by Defendant.[1] (*See generally* Doc. 1-1).

Moreover, a review of the record persuades the Court that an issue of material fact does not exist as to any issue involving breach of contract. The record indicates

---

[1] The joint status report seemingly concedes this point, since the Plaintiffs only describe the action as one involving a personal injury tort, and omit any mention of contract law in their description of the issues. (Doc. 4 at p. 4).

4

that, in so far as there were agreements involving the functionality of the elevator, Defendant complied with such agreements because it serviced the elevator regularly, that it performed the requested maintenance on the elevator whenever the State had indicated it was needed, and performed the preventative maintenance consistent with the required industry standards. (Doc. 18-5 at pp. 5-8). Accordingly, summary judgment on the State's contract claim is proper.

**B. Plaintiff Davis's Products Liability Claims**

Plaintiff Davis's complaint pleads product liability claims, alleging a defective design and alleging a failure to warn. (Doc. 1-1 at p. 15). Specifically Davis alleges that the design was defective because it failed to function properly after years of use, and Davis alleges that Defendant failed to warn the State how to properly prevent this type of accident. (*Id.*). Defendant moves for summary judgment on these claims. (Doc. 18-2 at p. 11). Plaintiff Davis's reply briefing omits any mention of these claims, instead, focusing exclusively on the negligence claims.

*1. Defective Design Claim*

To prevail on her defective design claim, Plaintiff must prove that "[t]here existed an alternative design for the product that was capable of preventing the claimant's damage," and that the likelihood and severity of damage outweighed the burden on the manufacturer of implementing the alternative design. La. R.S. 9:2800.56. The Louisiana Supreme Court has held that the failure to prove this element is fatal to a plaintiff's case. *Reynolds v. Bordelon*, 2014-2371 (La. 06/30/15), 172 So. 3d 607, 614 (holding that the plaintiff "was first required to show an

5

alternative design . . . The plaintiff proposed no other design for the product . . . Without proving this required element, it is unnecessary to address the remaining elements of this theory insofar as the LPLA (Louisiana Products Liability Act) requires *all* elements to be proven.").

In the present case, Plaintiff has not identified any alternative designs for the elevator. Plaintiff's expert, John F. Mundt, Sr., failed to identify and/or suggest any other alternative design that might have prevented Plaintiff's accident. (*See generally* Doc. 19-8). In fact, Mr. Mundt's report does not mention any deficiencies in the elevator's design, and instead purely focuses on the issue of maintenance. (*Id.*). Without evidence in the record that can demonstrate this essential element, summary judgment is proper as to Plaintiff Davis's defective design claim.

  2. *Failure to Warn Claim*

To prevail on her failure to warn claim, Plaintiff must prove that when "the product left its manufacturer's control, the product possessed a characteristic that may [have] cause[d] damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." La. R.S. 9:2800.57. Manufacturers are not required to give warnings when the product is only dangerous to the extent that would be anticipated by the average user, nor when the user already knows or should know of the product's dangerous characteristic. *Id.*; *Reynolds v. Bordelon*, 2014-2371 (La. 06/30/15), 172 So. 3d 607, 614 (affirming summary judgment on a failure to warn claim when "[t]he

6

plaintiff did not specify what warning was inadequate, did not provide a proposed adequate warning, and did not provide any evidence to support this claim.").

Nothing in Plaintiff's expert report, or anywhere else in the record, suggests that the elevator had a dangerous characteristic *when it left Defendant's control*, or that Defendant failed to provide Plaintiffs with an adequate warning about such a dangerous characteristic. (*See generally* Doc. 19-8). In fact, Mr. Mundt's findings suggest that the accident occurred due to ordinary failure to maintain the elevator. (Doc. 19-8 at pp. 2-3). This failure, if it occurred, undoubtedly must have occurred after the elevator left Defendant's control. Thus, Defendant's alleged fault could not have resulted from a characteristic existing at the time the elevator was in Defendant's control. Accordingly, the Court must grant summary judgment on Plaintiff Davis's failure to warn claim.

### C. Plaintiffs' Negligence Claims

Defendant moves for summary judgment on the negligence claims asserted by both parties, arguing that Plaintiffs cannot produce evidence that Defendant breached its duty of care. (Doc. 18-2 at pp. 4-5). Plaintiff Davis responds arguing that summary judgment should be denied because the *res ipsa loquitur* doctrine applies, nullifying the requirement that direct evidence of the breach needs to be provided, and Plaintiff also argues that Defendant should be held to a higher standard of care as a common carrier. (Doc. 24 at pp. 5-70).

First, *res ipsa loquitur* does not apply to this case. Under Louisiana Law, *res ipsa loquitur* may only be applied in situations where: 1) the circumstances are so

unusual as to give rise to an inference of negligence, 2) the defendant had exclusive control over the thing causing the injury, *and* 3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty of reasonable care. *See Williamson v. St. Francis Cabrini Hosp. of Alexandria*, 1999-1741 (La. App. 3 Cir. 5/10/00), 763 So. 2d 50, 54, *writ denied*, 2000-2149 (La. 10/6/00), 771 So. 2d 83.

Because Plaintiff Davis does not, nor cannot, demonstrate exclusive control, the doctrine of *res ipsa loquitur* does not apply. It was the State that possessed the elevator at all times, the State had the power to remove the elevator from service or request that it be programmed to service floors more quickly or slowly, and had the power to request repairs. (*See* Doc. 28-5 at pp. 2:9-20, 3:14-21). Since Plaintiffs cannot demonstrate that the elevator was under the exclusive control of Defendant, the doctrine of *res ipsa loquitur* does not apply.[2]

Second, as to the heightened standard of care argument, it is true that the *owner* of an elevator is held to a common carrier standard, but this is not true for the company contracted to perform maintenance on the elevator. *Campbell v. Otis Elevator Co.*, 808 F.2d 429, 434 (5th Cir. 1987). The elevator repair contractor is held to the ordinary standard of care, even if the company contracted to perform repairs is also the manufacturer of the elevator. *Id.* In this case, the owner of the elevator is the State, and the repair contractor is Defendant. Accordingly, Defendant cannot be held to heightened standard of care.

---

[2] The Court will not address the remaining elements of the *res ipsa loquitur* doctrine, because Plaintiffs must be able to demonstrate all three in order to sustain this theory.

8

Thus, under the ordinary standard of care, Defendant had a duty to act as a reasonable, ordinary elevator manufacturer/maintenance contractor under like circumstances. *See also Falcon v. Ink's Firestone of Monroe,* 50332 (La. App. 2 Cir. 01/13/16); 186 So. 3d 188 (Defendant had "the obligation to conform to the standard of conduct associated with a reasonable person in like circumstances"); *Spott v. Otis Elevator Co.* 601 So. 2d 1355 (La. 1992) (defendant did not breach ordinary standard of care where no reports of elevator malfunctioning existed). Under this standard, the Court is persuaded that summary judgment is appropriate, as Plaintiffs cannot demonstrate a breach of this standard of care. There is no evidence in the record that demonstrates how Defendant failed to act prudently under the circumstances. Quite the contrary, the record indicates that Defendant regularly serviced the elevator and performed testing on the elevator doors. (Doc. 18-5 at pp. 4-8). Because Plaintiffs cannot demonstrate the elements of breach for their negligence claims, the Court must grant the Defendant's Motion for Summary Judgment.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Summary Judgment (Doc. 18)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendant are **DISMISSED**.

Baton Rouge, Louisiana, this 31st day of May, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**